1
2
3
4     UNITED STATES DISTRICT COURT
5     NORTHERN DISTRICT OF CALIFORNIA
6
7   ROGER LEE WALKER,                          Case No. 14-cv-05487-YGR (PR)
        Plaintiff,
8                                              **ORDER OF TRANSFER**
          v.
9
10  CLIFF ALLENBY, et al.,
        Defendants.
11

12      Plaintiff, who is proceeding *pro se*, is a civil detainee at the Coalinga State Hospital
13  ("Coalinga"), in Coalinga, California. He is detained pursuant to California's Sexually Violent
14  Predator Act ("SVPA").
15      On December 16, 2014, he filed a complaint under 42 U.S.C. § 1983, complaining about
16  the conditions of his confinement at Coalinga. He also filed a motion for leave to proceed *in*
17  *forma pauperis*.
18      Here, Defendants are officials of Coalinga and of the California Department of Corrections
19  and Rehabilitation in Sacramento, California. Both Coalinga and Sacramento lie within the venue
20  of the United States District Court for the Eastern District of California. Venue for this case is
21  therefore proper in the Eastern District. *See* 28 U.S.C. § 1391.
22      Petitioner also complains about the validity of his assessment as a sexually violent predator
23  under the SVPA, which assessment took place in Alameda County. Challenges to the assessment
24  itself are the province of a habeas petition, not a civil rights action, because they implicate the
25  validity of his detention. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (challenges to the
26  lawfulness of confinement or to particulars affecting its duration are the province of habeas
27  corpus); *Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965) (constitutionality of state civil
28  commitment proceedings are challenged in federal habeas corpus once state remedies have been

1  exhausted). Plaintiff may challenge the validity of his assessment in this Court, but he must do so
2  by way of a habeas petition filed in a separate action from the instant civil rights case, after
3  exhausting state judicial remedies.
4   Accordingly, and in the interests of justice, this case is TRANSFERRED to the United
5  States District Court for the Eastern District of California. *See* 28 U.S.C. 1404(a), 1406(a). The
6  Clerk shall transfer the case forthwith.
7   All remaining motions are TERMINATED on this Court's docket as no longer pending in
8  this district.
9   IT IS SO ORDERED.
10 Dated: February 4, 2015

             _____
             YVONNE GONZALEZ ROGERS
             United States District Judge